UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

PHL VARIABLE INSURANCE COMPANY )
)
    Plaintiff, ) CASE NO.: 5:13cv91
)
-vs- )
)
)
)
RONNIE TYRONE PEOPLES, SR. and )
PEOPLES FINANCIAL SERVICE, INC. )
)
    Defendants. )

## COMPLAINT

Plaintiff, PHL Variable Insurance Company (hereinafter "PHL"), by and through its undersigned attorneys, file this Complaint against Defendants Ronnie Tyrone Peoples, Sr. (hereinafter "Peoples"), and Peoples Financial Service, Inc. (hereinafter "PFS") (collectively, "Defendants"), and states as follows:

### INTRODUCTORY STATEMENT

1.    PHL is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at One American Row, Hartford, Connecticut, and it is qualified and authorized to conduct business in the State of North Carolina.

2.    Upon information and belief, Peoples is a citizen of the State of North Carolina.

3.    Upon information and belief, PFS is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business at 4000 Westchase Boulevard, Suite 150, Raleigh, North Carolina 27607.

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a)(1) as it is between citizens of different states and the amount in controversy exceeds the sum of

$75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. Section 1391(a), as this is the judicial district in which a substantial part of the events giving rise to the subject claim occurred and in which the Defendants reside and/or maintain a principal place of business and are subject to personal jurisdiction.

## FIRST COUNT

5. PHL repeats and restates each and every allegation contained in Paragraphs 1 through 4 of this Complaint, as if fully rewritten herein.

6. On or about January 30, 2007, Peoples, individually and as President/CEO of PFS entered into a Broker Agreement (the "Agreement") with PHL. A true and exact copy of the Agreement is attached hereto as Exhibit A.

7. The Agreement provides for, among other things, compensation to Peoples in connection with the sale by Peoples of insurance and annuity products issued by PHL. See, e.g., Agreement, Article III.

8. In addition, the Agreement provides that PHL has the right to amend and modify the Agreement, including the provisions relating to compensation, by providing written notice to the Brokerage General Agent of such amendment or modification. See Agreement, Page 12, Section 10.4. Entire Agreement; Modification.

9. In September 2007, PHL amended the Agreement (the "Amendment"). A true and exact copy of the Amendment is attached hereto as Exhibit B.

10. The Brokerage General Agent was provided with written notice of the Amendment.

11. The Amendment, among other things, requires that if Peoples is paid any compensation for the sale of a policy that has been enhanced with an Alternate Surrender Value Rider and the policy is subsequently surrendered, PHL shall be repaid the lesser of: 100% of the total

compensation paid for the policy; or the amount of any cash surrender value enhancement due to such rider. See Amendment, Footnote (c).

12. On or about September 19, 2007, PHL paid Peoples commissions for the sale of a certain life insurance policy, to wit: Policy #XXXX0055 (the "Policy"), which was enhanced with an Alternate Surrender Value Rider, in the total sum of Two Hundred Fifty-One Thousand Two Hundred Forty-Three and 14/100 Dollars ($251,243.14).

13. The Policy was issued after the Amendment was enacted and provided to the Brokerage General Agent.

14. On or about November 19, 2008, the Policy was surrendered by the policyholder, and the amount of compensation paid to Peoples in connection with the sale was less than the cash surrender value enhancement due to the Alternate Surrender Value Rider.

15. As a result of the surrender, PHL was entitled to the repayment of the commission paid to Peoples on the sale of the Policy in the sum of Two Hundred Fifty-One Thousand Two Hundred Forty-Three and 14/100 Dollars ($251,243.14).

16. PHL has demanded payment of said sum from Defendants, but Defendants have failed and refused to pay any portion of said sum.

17. As the result of the aforesaid, there is due and owing to PHL from Defendants, jointly and severally, the sum of Two Hundred Fifty-One Thousand Two Hundred Forty-Three and 14/100 Dollars ($251,243.14), with interest thereon, no part of which has been paid, although payment thereof has been duly demanded.

## SECOND COUNT

18. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 17, inclusive, of this Complaint as if set forth fully herein.

19. As a consequence of the surrender of the Policy, Defendants were obligated to return the commissions paid to Peoples.

20. Defendants have been unjustly enriched by the retention of the aforesaid sum of Two Hundred Fifty-One Thousand Two Hundred Forty-Three and 14/100 Dollars ($251,243.14), to which Peoples is not entitled.

21. PHL has been damaged by said unjust enrichment of Defendants.

### THIRD COUNT

22. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 21, inclusive, of this Complaint as if set forth fully herein.

23. Defendants, being jointly and severally indebted to PHL in the sum of Two Hundred Fifty-One Thousand Two Hundred Forty-Three and 14/100 Dollars ($251,243.14), together with interest, upon an account stated between them, has failed to pay to PHL said sum upon demand. Payment has been demanded, but it has not been made. A true and exact copy of the account statement is attached hereto as Exhibit C.

### FOURTH COUNT

24. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 23, inclusive, of this Complaint as if set forth fully herein.

25. Defendants have converted property belonging to PHL by wrongfully retaining the aforesaid sum and refusing to repay it to PHL, although repayment thereof has been duly demanded.

26. PHL has been damaged by Defendants' conversion of its property.

WHEREFORE, PHL demands judgment against Defendants, jointly and severally, as follows:

1. In the sum of Two Hundred Fifty-One Thousand Two Hundred Forty-Three and 14/100 Dollars ($251,243.14), with interest accrued and accruing;

2. For punitive damages;

3. For attorneys fees and costs; and

4. For such other and further relief as the Court may deem just and proper.

THIS the 7th day of February, 2013.

By: *s/Stephen B. Williamson*
Stephen B. Williamson
VAN WINKLE, BUCK, WALL, STARNES & DAVIS, P.A.
Attorneys for Plaintiff
11 N. Market Street (physical)
Post Office Box 7376 (mailing)
Asheville, NC 28802
Tel.: (828) 258-2991
Fax.: (828) 255-0255
swilliamson@vwlawfirm.com